"It is my desire that the following negroes, to wit, Caesar, Tom, Nan, Dorcas, Doll, and Davy, and all their issue, if any, should remain with my beloved wife, Mary, during her widowhood, to raise her children upon; and after her intermarriage, to be equally divided amongst my beloved daughters, Annis, Mary," etc.
John Moore died, and his widow took possession of the negroes, agreeably to the will. During her widowhood, Annis, one of her daughters, intermarried with Gilbert McCallop, who soon after died, during the widowhood of John Moore's wife. In a short time after the death of Gilbert McCallop, John Moore's widow intermarried with a certain Mr. Bulls; in consequence of which a division of the negroes above *Page 266 
mentioned was made amongst the daughters of John Moore, according to his will, and the part allotted to Annis, the widow of Gilbert McCallop, was given to her, and she intermarried with the defendant Warren Blount.
The widow of John Moore had possession of all the above named negroes from the time of John Moore's death to her intermarriage with Bulls. Gilbert McCallop never had possession of any of them during his life. The executors of Gilbert McCallop have brought suit against Warren Blount and wife, and the question is, Do the negroes allotted off to Annis, the wife of Warren Blount, belong to them or to the executors of Gilbert McCallop?
By the devise in the will, the negroes in question were to remain in the possession of the widow of John Moore during her widowhood, and on her marriage were to be equally divided between his two daughters, Annis, Mary, etc. Annis intermarried with Gilbert McCallop during the widowhood of John Moore's wife, and Gilbert McCallop died during her widowhood. Neither Annis nor her husband were entitled to the possession of the negroes until the marriage of John Moore's widow. As Gilbert was not, nor could have possession of the said negroes during his life, his executors cannot have them (316) after his death. They belong to Annis and her husband, the present defendants. 2 Bl., 433; 1 Bacon, 289.
Cited: Johnston v. Pasteur, post, 585; Weeks v. Weeks, 40 N.C. 120.
NOTE. — See Neale v. Haddock, 3 N.C. 183, and the cases referred to in the second note thereto.